the relief sought by mandamus. People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; People ex rel. Finn v. Greene, 87 App. Div. 346, 84 N. Y. Supp. 565. The facts in the Tormey Case are so radically different from those presented by the case at bar that they did not justify delay on the part of the relator, and the conclusion reached in that proceeding furnishes no authority for the relator's contention here.

In the case at bar the relator was not a candidate for the examination held in September, 1907, and made no application to enter the same. His petition does not show that he was eligible, or that he would have taken the examination if he had not been dismissed before it was held, or that he had any such intention. In these respects the moving papers are fatally defective and insufficient to entitle the relator to the relief sought by this proceeding.

Upon both grounds, the insufficiency of the moving papers and laches, the order must be reversed, with $10 costs and disbursements, and the application for the writ denied, with costs. All concur.

---

### In re ROBINSON'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 29, 1910.)

ACTION (§ 69\*)—SPECIAL PROCEEDINGS—STAY—OTHER ACTION PENDING.

Where, pending a special proceeding in the Supreme Court to compel a judicial accounting by trustees, one of the trustees commenced an action for an accounting against those interested in the estate, in which a stay of the special proceedings was first denied, and afterwards granted by the Appellate Division, an order in the special proceeding to compel the trustees to account was erroneous.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 69.\*]

Appeal from Special Term, New York County.

In the matter of the estate of Agnes Hyatt Robinson, deceased. From an order in a special proceeding, directing the filing of the judicial accounts of Lawrence E. Brown and another, trustees under the will of Agnes Hyatt Robinson, deceased, Lawrence E. Brown appeals. Reversed.

Agnes Hyatt Robinson died March 27, 1902, leaving her husband, Charles A. Robinson, and her son, respondent George Robinson, her only next of kin and heirs at law, and leaving an estate, real and personal, of between $300,000 and $400,000. This estate she left by will in trust, one half to be invested and the income paid to her husband as long as he lived, and the principal then to go to her son, and the other half to be invested and the income paid to her son until he arrived at 25 years, when the principal was to be paid to him. One of the trustees, Gillender by name, having misappropriated some of the trust funds, he was removed, and appellant, Lawrence E. Brown, substituted as testamentary trustee in his place. Charles A. Robinson having married again and removed to Maine, the whole conduct of the estate was in the hands of Brown since his appointment in 1904; and he having filed no account since his appointment, an application was made by respondent George Hyatt Robinson in the Surrogate's Court to compel an accounting.

It having been determined by the Appellate Division in December, 1909, that the surrogate had no jurisdiction to compel an accounting by a substituted

trustee, appointed by the Supreme Court, the surrogate denied the application, and on December 24, 1909, George Hyatt Robinson presented a sworn petition to the Supreme Court and obtained an order requiring the trustees to show cause why they should not so account, returnable January 10, 1910. After the service of this order, Brown instituted suit against George Hyatt Robinson and others for voluntary accounting, together with an order to show cause why the special proceeding to compel the trustees to account should not be stayed during the pendency of Brown's action for the same purpose. The application in the special proceedings to compel the trustees to account, and Brown's action to stay the special proceedings, were heard at the same time. The motion for a stay was denied, and later an order granted for a compulsory accounting in the special proceedings. The order denying the stay was reversed by the Appellate Division, and the motion granted (122 N. Y. Supp. 720), and Brown appeals from the order compelling the accounting in the special proceedings.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

John Ewen, for appellant.
G. E. Waldo, for respondent Robinson.
A. Delos Kneeland, for respondent Carnegie Trust Co.

PER CURIAM. As the prosecution of this special proceeding has been stayed during the pendency of an action for an accounting brought by the trustee against those interested in the estate, without passing upon the question as to whether or not this proceeding can be maintained, the order appealed from, requiring the trustee to file an account, should be reversed, with $10 costs and disbursements, and the motion denied, with leave to the petitioner to renew the motion if the action to settle the account of this trustee should be discontinued, or not prosecuted with reasonable diligence.